IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH SPIVAK, individually and on behalf of a class of similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 12 C 1116 |
| WILLIS OF ILLINOIS, INC. and PS ILLINOIS TRUST, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Joseph Spivak filed a putative class action complaint against the defendants, Willis of Illinois and PS Illinois Trust. The defendants have moved to dismiss the complaint for lack of subject matter jurisdiction, contending that the case is moot because they offered to compensate Spivak for the harm alleged. For the reasons stated below, the Court denies defendants' motion.

### Background

On January 24, 2012, Spivak filed a lawsuit in Illinois state court against Willis and PS. Spivak alleged that he had rented a storage unit from PS and that PS and Willis sold him storage insurance at the time of the rental. Spivak alleged that the defendants told him that had to purchase insurance to be able to rent the storage unit and that they failed to provide him with information required by Illinois law to the effect that insurance in fact was not required and that storage insurance might duplicate other

insurance he already had. Willis alleged that defendants deliberately made misrepresentations to him and other prospective storage unit renters to induce them to purchase insurance. He asserted claims under the Illinois Consumer Fraud Act (ICFA) and the federal Racketeer Influence and Corrupt Organizations Act (RICO).

Spivak's complaint included allegations that defendants had made similar misrepresentations to thousands of renters of storage units. Compl. ¶ 19. He alleged that the lawsuit should proceed on behalf of a class, reciting that the requirements for class certification were met. *Id.* ¶¶ 20-24. Paragraph 24 of his complaint stated as follows: "Plaintiff thus moves here for certification of the Class as alleged as part of the relief sought under this Complaint." *Id.* ¶ 24.

Willis was served with summons on January 26, 2012, and PS was served on February 6, 2012. On February 3, 2012, an attorney representing both defendants wrote to Spivak's counsel. *See* Mem. in Support of Defs.' Mot. to Dismiss, Ex. A. In the letter, counsel stated that defendants wished to resolve Spivak's claims in full and made a "binding settlement offer" including the following terms:

- reimbursement of all the insurance premiums Spivak had paid;
- reimbursement of insurance premiums paid by ten other persons who met the class definition, up to $500 per person;
- payment of up to $5,000 in attorney's fees and expenses;
- agreement to "evaluate and revise as necessary the manner in which [PS's] employees explain insurance options to customers to ensure compliance with applicable law"; and
- agreement to "ensure that, to the extent this is not already being done,"

> written materials as required by Illinois statute are available at every PS facility within Illinois.

*Id.* The letter went on to state that "this offer is intended to make the Plaintiff whole and fully satisfy his pending legal claims against Defendants, and Defendants believe it renders moot Plaintiff's pending lawsuit." *Id.* It remained open until February 13. Spivak did not respond to the offer.

Defendants removed the case to federal court on February 16, 2012, citing the federal RICO claim and the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453. One week later, they moved to dismiss, arguing that in light of the settlement offer, Spivak no longer had a personal stake in the outcome of the suit and thus lacked standing to pursue his claim.

## Discussion

The Seventh Circuit recently reaffirmed in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), that "once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Id.* at 895 (internal quotation marks and citations omitted). The court rejected the plaintiff's contention that there should be an exception to this rule in a putative class action if the defendant offers relief to the named plaintiff before he has "a reasonable opportunity to seek certification." The court stated that "[t]o allow a case, not certified as a class action and with no motion for class certification even pending, to continue in federal court when the sole plaintiff no longer maintains a personal stake

defies the limits on federal jurisdiction expressed in Article III" of the Constitution. *Id.* at 896. "After [defendant] made its offer, [plaintiff's] federal case was over." *Id.* The court noted that class-action plaintiffs could easily avoid this problem by "mov[ing] to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs." *Id.*

Defendants argue that their offer satisfied the entirety of Spivak's demand and thus rendered the case moot whether or not he accepted it. Spivak disagrees. He makes three arguments, but the Court need only deal with one of them. Spivak argues that defendants did not offer him complete relief because their offer made no provision for punitive damages under ICFA or treble damages under RICO and did not provide for completely curative injunctive relief. Defendants concede that they offered only to repay the amount that Spivak had actually paid. They give Spivak's argument about treble and punitive damages the back of their hand, saying only the following:

> Plaintiff's argument that the offer must allocate an amount for punitive damages is both misguided and speculative. It is misguided because it ignores the fact that the settlement offer made Plaintiff whole by returning to him all of the money he paid to Defendants, i.e., all of his conceivable actual damages. It is also speculative because it assumes, without any evidence whatsoever, that there is a basis for imposing punitive damages in this case.

Defs.' Reply at 6.

Defendants essentially argue that a settlement offer that includes no provision for punitive damages in a case brought under a statute authorizing them (ICFA) and no provision for trebling of actual damages in a case brought under a statute requiring this (RICO) nonetheless amounts to "satisfy[ing] the plaintiff's entire demand." They cite no authority to support this proposition, and it is not up to the Court to do their work for

4

them. Defendants have effectively forfeited the point. Even were that not the case, the Court notes that *Damasco* itself involved a statute that provided for trebling of damages upon a finding of willfulness, and the settlement proposal in that case specifically offered to treble (to $1,500) the fixed statutory award for the named plaintiff and five others. *See Damasco*, 662 F.3d at 893. Defendants did not make Spivak an offer of like kind. The Court rejects defendants' contention that this was not required because the availability of damages beyond the amount Spivak paid out is "speculative." Liability for punitive damages is no less speculative than liability for compensatory damages, and more importantly, trebling of damages under RICO is mandatory and thus anything but speculative.

Because defendants' offer did not satisfy plaintiff's "entire demand," *Damasco*, 662 F.3d at 895, the case is not moot, and the Court need not consider Spivak's argument that defendants' settlement offer did not satisfy his request for injunctive relief.

## Conclusion

For the reasons stated above, the Court denies defendants' motion to dismiss [docket no. 7].

                                                                _____
                                                                 MATTHEW F. KENNELLY
                                                                 United States District Judge

Date: May 15, 2012